ORAL ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, et al., | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) Case No. 08-1277 ) (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) |
| Respondent. | ) ) ) |

## STATUS REPORT

Respondent United States Environmental Protection Agency ("EPA") hereby provides a status report in Cases 08-1277 and 08-1280, as ordered by this Court on February 15, 2013.

1. On August 21 and August 25, 2008, twenty-one petitioners filed four separate petitions for review of an EPA final rule titled "Standards of Performance for Petroleum Refineries; Final Rule," published at 73 Fed. Reg. 35,838 (June 24, 2008) (the "Final Rule"). The Final Rule, promulgated under Section 111 of the Clean Air Act, 42 U.S.C. § 7411, sets new source performance standards ("NSPS") that limit the emission of air pollutants from petroleum refineries. The Court has consolidated these four petitions for review into the above-captioned case.

1

2. In addition to the petitions for review that are pending before this Court, the petitioners in three of those cases filed petitions for administrative reconsideration with EPA pursuant to Clean Air Act Section 307(d)(7)(B), 42 U.S.C. § 7607(d)(7)(B). EPA granted reconsideration with respect to some of the issues raised in those petitions. *See* "Standards of Performance for Petroleum Refineries," 73 Fed. Reg. 55,751 (Sept. 26, 2008). EPA subsequently granted reconsideration of all remaining issues that were raised in the petitions for administrative reconsideration, by letter to counsel for those petitioners sent on December 29, 2009. EPA moved that this Court hold this case in abeyance while EPA conducted the process of administrative reconsideration of the Final Rule. On April 1, 2009, this Court issued an order holding the case in abeyance. That time was extended by order of this Court until January 3, 2011. On March 11, 2011, the Court issued an order holding the case in abeyance until further order by the Court.

3. The issues raised in the petitions for reconsideration fall generally into two categories: Issues raised by petitioner states and environmental organizations ("Environmental Petitioners"), and issues raised by petitioners representing the industry that is subject to the NSPS ("Industry Petitioners"). This Status Report concerns the status of certain issues raised by Industry Petitioners in Cases 08-1277 and 08-1280. In its order of March 11, 2011, this Court ordered EPA to provide reports on the status of those issues every 90 days.

2

4. On December 22, 2008, EPA published a proposed rule concerning certain issues that were raised in petitioners' administrative petitions for reconsideration. *See* "Standards of Performance for Petroleum Refineries; Standards of Performance for Petroleum Refineries for Which Construction, Reconstruction, or Modification Commenced After May 14, 2007," 73 Fed. Reg. 78,522 (Dec. 22, 2008) (the "Proposed Reconsideration Rule"). EPA accepted public comment on the Proposed Reconsideration Rule, considered those public comments, and signed a final rule on June 1, 2012, which was published in the Federal Register on September 12, 2012. *See* 77 Fed. Reg. 56,422 (Sept. 12, 2012) (the "Final Reconsideration Rule").[1]

5. The Court's March 11, 2011, order directed the parties to file motions to govern further proceedings within 30 days of the date EPA took final action on the Proposed Reconsideration Rule described in Paragraph 4 above, which, in this instance, was by October 12, 2012. This deadline was extended to November 28, 2012, and later to January 14, 2013, pursuant to the parties' joint unopposed

---

[1] A petition for judicial review of the Final Reconsideration Rule, filed by one group of Industry Petitioners in this case, is currently pending before this Court. See Case No. 12-1442. Two additional consolidated petitions, Case Nos. 12-1443 and 12-1444, were dismissed on September 16, 2015, and December 16, 2014, respectively, upon joint motions filed by Petitioners and EPA. Additionally, the petitioners in Case Nos. 12-1442, -1443, and -1444 each petitioned EPA for administrative reconsideration of the Final Reconsideration Rule.

3

motions and subsequent orders of this Court. The parties filed a joint motion to govern further proceedings on January 14, 2013.

6. On February 15, 2013, this Court granted the parties' joint motion to govern further proceedings and issued an order continuing to hold the case in abeyance. That order specifically requires EPA to file status reports at 90-day intervals beginning May 16, 2013, and directs the parties to file motions to govern future proceedings within 30 days of EPA's completion of the further rulemaking proceedings.[2]

7. Since that time, EPA has developed and published another proposal package for the Refinery sector that includes proposed changes to NSPS Subparts J and Ja that address all of the remaining issues raised by Industry Petitioners in their petitions for reconsideration of the Final Rule discussed in Paragraph 1 above. *See* "Petroleum Refinery Sector Risk and Technology Review and New Source Performance Standards; Proposed Rule," 79 Fed. Reg. 36,880 (June 30, 2014).

8. On September 29, 2015, EPA signed the final version of that rule, "Petroleum Refinery Sector Risk and Technology Review and New Source

---

[2] In the parties' January 14, 2013, joint motion to govern further proceedings, Paragraphs 7 and 8 mistakenly imply that EPA plans to develop *two* additional proposal packages that will address the remaining issues raised by Industry Petitioners in their petitions for reconsideration of the Final Rule. EPA published only *one* additional proposal package to address these issues. *See* Paragraph 7, herein.

4

Performance Standards," EPA-HQ-OAR-2010-0682, which was published in the Federal Register on December 1, 2015 (80 Fed. Reg. 75,178).

9. Since that date, EPA also completed a technical correction to the New Source Performance Standard for petroleum refineries. The proposed, non-substantive change was published in the Federal Register on February 9, 2016, 81 Fed. Reg. 6814, and was finalized on July 13, 2016. *See* "National Emission Standards for Hazardous Air Pollutant Emissions: Petroleum Refinery Sector Amendments," EPA-HQ-OAR-2010-0682, 81 Fed. Reg. 45,232 (July 13, 2016).

10. The final rule published in the Federal Register on December 1, 2015, and the additional correction published on July 13, 2016, may allow for the dismissal of the petitions for review filed in this Court. Accordingly, the parties are engaged in discussions regarding the need for further proceedings with respect to these petitions.

11. EPA believes this justifies the continued abeyance status of Cases 08-1277 and 08-1280.

                                                          Respectfully submitted,

                                                          */s/ Alex Hardee*
                                                          ALEX HARDEE
                                                          U.S. Department of Justice
                                                          Environment and Natural Resources
                                                           Division
                                                          Environmental Defense Section
                                                          P.O. Box 7611
                                                          Washington, DC 20044

202-514-2398  
alex.hardee@usdoj.gov

## CERTIFICATE OF SERVICE

On November 14, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ *Alex Hardee*
